**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4353**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOHN JAROD FOUST,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cr-00038-FDW-DSC-1)

Submitted:  February 27, 2018                    Decided:  March 5, 2018

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Jarod Foust appeals his sentence following his guilty plea to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e) (2012). The district court sentenced Foust within his Sentencing Guidelines range to 360 months' imprisonment. Foust's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal, but questioning whether the district court erred in overruling Foust's objections to the presentence report and applying a sentencing enhancement pursuant to an unconstitutionally vague provision of the Sentencing Guidelines. Although notified of his right to file a pro se brief, Foust has not done so.

When reviewing a district court's application of the Guidelines, we review questions of fact for clear error and questions of law de novo. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). "A Guidelines error is considered harmless if . . . (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

Foust questions on appeal whether the district court's imposition of enhancements pursuant to U.S. Sentencing Guidelines Manual §§ 2G2.1(b)(2)(A), 3A1.1(b)(1) (2016) constituted impermissible double counting. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a

2

statute." *Dowell*, 771 F.3d at 170 (internal quotation marks omitted). There is a presumption that double counting is proper where the Guidelines do not expressly prohibit it. *Id.* We conclude, for the reasons stated by the district court at the sentencing hearing, that imposing the enhancements did not amount to double counting, and, therefore, that the district court did not err in overruling Foust's objections to those enhancements.

Foust also questions whether the district court erred in imposing a pattern of activity enhancement pursuant to USSG § 4B1.5(b)(1). We conclude that the factual basis and testimony at sentencing established that Foust engaged in sexual contact with a minor on more than one occasion and, therefore, that the enhancement was appropriate. Furthermore, in overruling Foust's objection to the enhancement, the district court explained that Foust's Guidelines ranges, with and without the enhancement, overlapped at a sentence of 360 months and that it would have reached the same sentence regardless of whether it applied the enhancement. We therefore conclude that, even if the district court had erred in imposing this enhancement, that error would be harmless. Finally, Foust's argument that USSG § 4B1.5(b)(1) is unconstitutionally vague and that its imposition violated his due process rights is meritless because "the advisory sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Foust, in writing, of the right to petition the Supreme Court of the United States for further review. If Foust requests that a petition

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Foust. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*